United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America, Plaintiff | ) ) ) | |
| v. | ) ) | Criminal Case No. 18-20684-CR-Scola |
| Tamara Jeune, Defendant. | ) ) ) | |

**Order Granting Motion for Sentence Reduction**

This matter is before the Court on Defendant Tamara Jeune's pro se motion for a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2). (Def.'s Mot., ECF No. 160.) The Government has responded, opposing any reduction to Jeune's sentence. (Gov't's Resp., ECF No. 162). Jeune has not replied and the time to do so has passed. After careful review, the Court **grants** Jeune's motion for a reduction of her sentence, **in part**. (**ECF No. 160**).

1. **Background**

On August 16, 2018, the Defendant was indicted for tax fraud: one count of conspiracy to defraud the Internal Revenue Service (count one), four counts of filing false, fictitious, and fraudulent federal income tax returns (counts two through five), and five counts of preparing and presenting the IRS with federal income tax returns containing false and fraudulent matters (counts six through ten). (ECF No. 3.)

Jeune proceeded to trial, beginning on May 21, 2019, and after five days, a jury found her guilty on counts one, four, six, eight, and ten. (ECF No. 73.) The Court then sentenced Jeune, on July 31, 2019, to a term of imprisonment of 180 months, followed by 3 years of supervised release. (ECF No. 100.) The Court also imposed restitution in the amount of $398,021. (ECF Nos. 118, 119.) Jeune appealed her sentence, which the Eleventh Circuit reversed based on the Court's imposition of a two-point enhancement for obstruction of justice. *U.S. v. Jeune*, No. 19-13018, 2021 WL 3716406, at *1 (11th Cir. Aug. 23, 2021). At Jeune's resentencing, on December 4, 2021, the Count determined her total offense level was 32, with a criminal history category of III, resulting in an advisory guideline range of 151 to 188 months. (Gov't Mot. at 3.) However, upon Jeune's motion (and over the Government's objections), the Court applied a two-level reduction, below the previously determined guidelines, based on Jeune's acceptance of responsibility. (*Id.*) This resulted in an effective offense level of 30, with a criminal history category of III, and a revised guideline range of 121 to 151

months. (*Id.*) The Court then resentenced Jeune to 132 months, in the middle of the guideline range. (*Id.*)

Since Jeune was resentenced, the United States Sentencing Commission enacted Amendment 821 to the United States Sentencing Guidelines. Part of this amendment alters the way "status points"—criminal history points applied when a defendant committed the instant offense while under any other criminal justice sentence—are calculated. U.S.S.G. § 4A1.1(e). Jeune now seeks retroactive application of this part of Amendment 821 to the Court's judgment sentencing her to 132 months in prison.

2. **Legal Standard**

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to

criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

As noted, the retroactive amendment that the Defendant invokes here involves a change in the way "status points" are calculated. Here, as the Government acknowledges, a review of the Defendant's case reveals she is indeed eligible for a sentence reduction pursuant to this part A of Amendment 821.

Previously, the status-points provision of part A resulted in an additional two criminal history points if "the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape release." U.S.S.G. § 4A1.1(d) (2015). The Amendment, however, now "limits the overall criminal history impact of 'status points' in two ways." FSG § 4A1.1, Editor's and Revisor's Notes (2023). First, as revised, the status-points provision, under redesignated subsection (e), will no longer apply to offenders with six or fewer criminal history points. *Id.* And second, though not applicable here, "the amendment also reduces from two points to one point the 'status points' assessed for offenders to whom the revised provision applies." *Id.*

Here, Jeune had a total of only five criminal history points. (Gov't's Mot. at 9.) Accordingly, based on the amended status-points provision, the two status points she received for being on supervised release when she committed the offense in this case would be eliminated. As a result, then, Jeune would be placed in a criminal history category of only II, based on three criminal history points. With an offense level of 30 and a criminal history category of II, then, Jeune's amended guideline range is 108 to 135 months.

Jeune, without much justification, contends her sentence should be reduced to 108 months—the bottom of the guidelines. (Def.'s Mot. at 2.) Conversely, the Government, while conceding that an amended guideline range of 108 to 135 months applies, maintains Jeune's sentence should not be reduced at all "because [she] already received a substantial reduction in her sentence at her resentencing hearing." (Gov't's Resp. at 10 to 11.) The Court finds neither party's position persuasive. Instead, at the time of sentencing, in

consideration of the 18 U.S.C. § 3553(a) factors, the Court felt an appropriate sentence would be in the middle of the guideline range. Now, after considering the § 3553(a) factors anew, the Court finds neither party has shown that anything of particular significance in this case has changed and a sentence of 120 months, within the middle of the guidelines remains appropriate.

### 4. Conclusion

Accordingly, based on the foregoing, the Court **grants** Jeune's motion **in part** (**ECF No. 160**) and **reduces** Jeune's sentence to ***120 months*** in prison: 120 months as to count one; and 12 months as to each of counts four, six, eight, and ten, to run concurrently with each other and concurrently with count one. All other terms and conditions of Jeune's sentence, including supervised release, remain in full force in effect.

**Done and ordered** in Miami, Florida on June 14, 2024.

_____
Robert N. Scola, Jr.
United States District Judge