United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America, Plaintiff | ) ) ) | |
| v. | ) ) ) | Criminal Case No. 18-20684-CR-Scola |
| Tamara Jeune, Defendant. | ) | |

### Order Denying Defendant's Motion for Compassionate Release

Before the Court is Defendant Tamara Jeune's pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 168). The Government has responded, opposing the motion, submitting that Jeune has failed to show that she is entitled to a sentence reduction. (Govt's Resp., ECF No. 170.) Jeune has not replied and the time to do so has passed. After review and for the reasons set forth below, the Court **denies** Jeune's motion (**ECF No. 168**).

On August 16, 2018, Jeune was indicted for tax fraud: one count of conspiracy to defraud the Internal Revenue Service (count one), four counts of filing false, fictitious, and fraudulent federal income tax returns (counts two through five), and five counts of preparing and presenting the IRS with federal income tax returns containing false and fraudulent matters (counts six through ten). (ECF No. 3.)

Jeune proceeded to trial, in May 2019, and after five days, a jury found her guilty on counts one, four, six, eight, and ten. (ECF No. 73.) The Court then sentenced Jeune, on July 31, 2019, to a term of imprisonment of 180 months, followed by 3 years of supervised release. (ECF No. 100.) The Court also imposed restitution in the amount of $398,021. (ECF Nos. 118, 119.) Jeune appealed her sentence, which the Eleventh Circuit reversed based on the Court's imposition of a two-point enhancement for obstruction of justice. *U.S. v. Jeune*, No. 19-13018, 2021 WL 3716406, at *1 (11th Cir. Aug. 23, 2021). At Jeune's resentencing, on December 4, 2021, the Count determined her total offense level was 32, with a criminal history category of III, resulting in an advisory guideline range of 151 to 188 months. (Gov't Mot. at 3.) However, upon Jeune's motion (and over the Government's objections), the Court applied, effectively, a two-level reduction, below the previously determined guidelines, based on Jeune's acceptance of responsibility, sentencing her to 132 months. (*Id.*)

Jeune then appealed her sentence, again, to the Eleventh Circuit (ECF No. 148) but lost this time, with the Eleventh Circuit's affirming her sentence and the United States Supreme Court's denying her writ of certiorari (ECF No. 159).

A few months later, in April 2024, Jeune filed a motion for a reduction of her sentence under 18 U.S.C. § 3582(c)(2), based on the application of a retroactive guidelines amendment affecting the calculation of status points. (ECF No. 160.) The Court granted that motion, amending her guideline range to 108 to 135 months. (ECF No. 163.) Finding no significant change to the applicable § 3553(a) factors, the Court sentenced her to the middle of the guidelines, thus reducing her sentence to 120 months' imprisonment. (*Id.* at 4.) A month later, pointing to a deterioration in her health, Jeune asked the Court to reconsider that order, seeking a further reduction to 108 months, the low end of the revised guidelines. (ECF No. 166.) The Court denied the motion. (ECF No. 167.) Jeune now seeks compassionate release, citing to a constellation of health issues.

The Government agrees with Jeune that it appears she has exhausted her administrative remedies. Nonetheless, the Court finds release under 18 U.S.C. § 3582(c)(1)(A)(i) not appropriate in this case for the following reasons.

In sum, Jeune has not carried her burden of showing "extraordinary and compelling reasons" for early release "consistent with applicable policy statements" as required by § 3582(c)(1)(A)(i). To begin, although Jeune suffers from various medical ailments, such as hypertension and diabetes, there is no indication from the record that these conditions require specialized care. In fact, Jeune's medical records show that she is receiving care from several healthcare providers within the Bureau of Prisons. (ECF No. 168-1, 3–23.) There is nothing within Jeune's medical records that even suggests that her hypertension or other ailments interfere with her quality of life. Further, the records show that her diabetes is being "managed per the primary team." (*Id.* at 3.) Indeed, one of Jeune's most recent medical records shows that she herself reports that, "[o]verall, [she] is doing well." (*Id.*)

Nor do Jeune's chronic kidney disease and other kidney-related maladies qualify as an extraordinary and compelling reasons for compassionate release. Although Jeune's medical records show that she "will likely need dialysis in the next six months," she has "refused dialysis," explaining to her health provider that "[s]he hopes to be getting out of the jail system soon." (Def.'s Recs., ECF No. 168-1, 3; *see also* ECF No. 168-1, 4 (declining treatment in August 2024 because "she is hopeful she will be out of the jail system soon"); ECF No. 168-1, 10 (declining treatment in October 2023 because she "hopes to start dialysis when she gets out of jail").) Additionally, as she explains in her motion, Jeune has also rejected dialysis based on her religious beliefs as a Jehovah's Witness because her religion proscribes blood transfusions of any kind. (Pl.'s Mot. at 10.) While Jeune certainly cannot be forced to accept the health care the BOP is offering her, contrary to her religious beliefs, at the same time, the Court will not confer an advantage upon her, on the basis of that refusal, in seeking early

compassionate release. *C.f. U.S. v. Weldon*, No. 2:18-CR-112-DBH-03, 2021 WL 5041219, at *1–2 (D. Me. Oct. 29, 2021) (holding that an inmate with a religious objection to a vaccination "may be entitled to decline the vaccine, but his refusal does not give him an advantage in seeking early compassionate release"); *U.S. v. Anderson*, No. 216CR00305KJDVCF, 2021 WL 5985134, at *2 (D. Nev. Dec. 16, 2021), *aff'd,* No. 22-10007, 2022 WL 2828783 (9th Cir. July 20, 2022) ("refusing vaccination because of religious belief does not weigh in favor of compassionate release"); *U.S. v. Gianelli*, 533 F. Supp. 3d 45, 47 (D. Mass. 2021) ("Although defendant has the right to refuse medical treatment, this Court will not reward such refusal to protect himself with a get-out-of-jail card.").

In short, Jeune does not meet the extraordinary and compelling standard for compassionate release: her medical conditions are being adequately managed; she is not terminally ill or medically so infirm that she is unable to care for herself; and any treatment that she is not receiving is based on her own beliefs, not on what is being offered to her.

Additionally, even if Jeune had shown extraordinary and compelling reasons in favor of her release, she did not demonstrate that the § 3553 factors weigh in her favor. As the Court has previously opined, Jeune committed serious offenses, using sophisticated means, planned her crimes while awaiting the start of her sentence on a previous tax-fraud case, and has been convicted now three times for fraud. (*See* Gov't's Resp. at 12.) She stole the identities of her victims, including minors, obstructed justice, and fraudulently obtained several hundreds of thousands of dollars in taxpayer money. (*Id.*) Releasing Jeune now would not adequately account for the severity of her crimes, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or properly avoid unwarranted sentencing disparities between defendants who have committed similar offenses. In short, the 3553(a) factors do not weigh in favor of Jeune's release.

Accordingly, the Court **denies** Jeune's motion for compassionate release (**ECF No. 168**).

**Done and ordered** in Miami, Florida, on April 16, 2025.

Robert N. Scola, Jr.
United States District Judge