United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) Criminal Case No. 18-20684-CR-Scola ) |
| Tamara Jeune, Defendant. | ) |

### Order Denying Motion for Reconsideration

    Before the Court is Defendant Tamara Jeune's pro se "response" (ECF No. 172; ECF No. 176, 3–6) to the Government's opposition (Gov't's Resp., ECF No. 170) to her motion for compassionate release (Def.'s Mot. for Rel., ECF No. 168). Previously, the Court denied Jeune's motion (Order, ECF No. 171). In ruling on that motion, the Court had before it only Jeune's motion and the Government's response thereto because Jeune had not timely replied. (*See id.* at 1 ("Jeune has not replied and the time to do so has passed.").) Since then, Jeune has submitted her reply and, additionally, seeks the Court's reconsideration of its order denying her release (Def.'s Mot. for Recons., ECF No. 176), asking the Court to reevaluate her motion based on the content of her reply brief. The Court has reviewed Jeune's reply and **denies** her motion for reconsideration (**ECF No. 176**): nothing in Jeune's reply alters the Court's analysis of her motion for compassionate release.

    At the center of Jeune's argument for compassionate release, as emphasized in her reply/motion for reconsideration, is her complaint that the only medical intervention that the Bureau of Prisons is offering her, to combat her kidney disease (dialysis), interferes with her religious beliefs as a Jehovah's Witness. (Def.'s Reply at 2.) But, as the Court previously explained, Jeune's rejection of a treatment option, based on her religious beliefs or otherwise, does not itself qualify as an extraordinary and compelling reason justifying her early release. And, as previously set forth, the record in this case shows that Jeune's medical conditions are being adequately managed; she is not terminally ill or so medically infirm that she is unable to care for herself; and any treatment that she is not receiving is based on her own beliefs, not what is being offered to her. Nothing in Jeune's reply or motion for reconsideration alters that analysis. Further, nothing in Jeune's reply alters the Court's conclusion that she has not shown that the § 3553 factors weigh in her favor.

    Ultimately, Jeune complains that she is being offered a Hobbesian choice: violate her religious beliefs or suffer adverse health consequences. While the

Court is sympathetic to her predicament, it would be inappropriate to address her concerns in a ruling on a motion for compassionate release. If Jeune would like to challenge the propriety of the medical treatment that the BOP is offering, there are other avenues of relief she can pursue. But her attempt to seek that relief through the instant motion is unavailing.

**Done and ordered** in Miami, Florida, on May 29, 2025.

Robert N. Scola, Jr.
United States District Judge